Filed 5/9/22  Diaz v. Superior Court CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MIGUEL DIAZ,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT FOR THE COUNTY OF SOLANO,<br><br>    Respondent;<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Real Party in Interest. | A164952<br><br>(Solano County<br>Super. Ct. No. FCS047488) |

THE COURT:\*

On April 14, 2022, this Court filed several documents from Miguel Diaz, collectively, as a petition for writ of mandate.  The petition challenges the failure of the Solano County Superior Court to file his notice of appeal from an order finding him to be a vexatious litigant.

After initial review, we notified the parties we might choose to act by issuing a peremptory writ in the first instance and sought opposition, if any,

---

\* Tucher, P.J., Fujisaki, J., and Rodríguez, J.

to the petition.  (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177–180.)  Real party in interest responded, taking no position on the matter.

The petition for writ of mandate establishes that Miguel Diaz timely presented his notice of appeal from the final order and other related orders granting the motion of the Department of Corrections and Rehabilitation to declare him a vexatious litigant.  (Code Civ. Proc., § 391, subd. (b).)  The Clerk of the Solano County Superior Court rejected the notice of appeal.

Our Supreme Court has long "recognized a 'well-established policy based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' " (*Silverbrand v. County of Los Angeles* (2009) 46 Cal. 4th 106, 113.)  In the present circumstances, the doctrine of constructive filing is applicable, and we conclude that petitioner Diaz's notice of appeal was timely filed.

Therefore, let a peremptory writ of mandate issue commanding respondent, County of Solano Superior Court (*Diaz v. Fox et al.* (Super. Ct. Solano County, 2022, No. FCS047488)) to file petitioner's notice of appeal as of the date it was originally received.

This opinion is final as to this Court immediately.  (Cal. Rules of Court, rule 8.490 (b)(2)(A).)

*Diaz v. Superior Court* (A164952)